ISTRATE *v.* STATE OF INDIANA.

[No. 24,468.   Filed November 6, 1924.]

INDICTMENT.—*Variance.—Proof of Identity.*—There was no variance between pleading and proof where an affidavit charged a sale of intoxicating liquors to "Milan" Miller, and was signed by Milan Miller who testified that he was the person who purchased the liquor, but another witness testified that the "Milo" Miller who purchased the liquor went with him and filed the affidavit.

From DeKalb Circuit Court; *William P. Endicott,* Judge.

Tudor Istrate was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Ralph E. Updyke* and *Ralph E. Jones,* for appellant.

*U. S. Lesh,* Attorney-General, and *Cronk & Wilde,* for the State.

TRAVIS, J.—Appellant was found guilty by the verdict of the jury, upon the trial of the charge of unlawfully selling intoxicating liquor. A judgment which imposed a fine and imprisonment followed the verdict. Reversal of the judgment is sought under the cause for a new trial (among other causes which are waived) that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Appellant claims this cause for a new trial is well taken because of the alleged failure of proof of the corpus of the crime, a failure of proof of the venue, and a variance between the allegation of the name of the person to whom the intoxicating liquor was sold and the proof thereof.

By the narrative of the evidence most favorable to the verdict in appellant's brief, Milo Miller purchased from appellant in the evening of June 4, 1923, at appellant's boarding house, in the city of Garrett, Dekalb county, Indiana, a half pint of whisky for which he paid appellant one dollar. Later, while the purchaser was absent from the automobile, an officer in looking for the identification card in the automobile came upon the bottle of whisky. The liquor in the bottle was caused to be analyzed by a chemist who testified that by his analysis the liquor was found to contain thirty-one per cent. of alcohol. The affidavit which charged the crime alleged that the intoxicating liquor was sold to one "Milan" Miller and was signed by Milan Miller; the testimony in proof was that it was sold to "Milo" Miller. Miller testified that he was the person who purchased the liquor in question, and another witness testified that the "Milo" Miller who purchased the liquor from appellant accompanied witness to the city hall when the affidavit which charged the offense was filed.

By this evidence the identification of the person who purchased the liquor as the same person who is named

as such purchaser in the affidavit which charged the crime, and as the same person who made such affidavit, is complete, and there is no variance between the pleading and the proof. The venue and corpus of the crime were proved by unchallenged testimony, according to appellant's brief.

Judgment affirmed.